## CIRCUIT COURT OF FAIRFAX COUNTY

Marla Beth Brin

    v.

A Home Come True, Inc., et al.

April 2, 2009

Case No. CL-2005-7510

BY JUDGE GAYLORD L. FINCH, JR.

The Plaintiff filed a Verified Petition for Attachment against A Home Come True, Inc., Mary Beth Palmer, William Hoover, Michael Dress, and Sven O. Gierlinger. The issues currently before the Court pertain only to the Defendant Sven O. Gierlinger. This Court previously found the Defendant in default on December 14, 2007. He was found liable for actual fraud, civil conspiracy, and negligence per se. The negligence per se claim has since been nonsuited. The only issue before the Court is the issue of damages. The Defendants have offered a Motion to Strike and argue that the Plaintiff has failed to prove the elements of fraud, failed to prove proximate causation, and failed to prove what Plaintiff's damages were to a reasonable certainty. The Plaintiff argues that fraud has been proven, that the Defendant did proximately cause damage to the Plaintiff, and that the testimony of the Plaintiff's expert, Ron Wagner, is sufficient to prove the Plaintiff's damages to a reasonable certainty.

A hearing on the Defendant's Motion to Strike Evidence was held on January 26, 2009. The Plaintiff argues that Defendant tried to ignore the previous default judgment order of this Court by asserting there was no underlying tort committed in the conspiracy. The Plaintiff argues that

Defendant Gierlinger conspired with Defendants Drees and Palmer to implement illegal and fraudulent building projects. Defendant Gierlinger is also accused of aiding and abetting the conspiracy through the procurement of a contractor's license. Defendant AHCT never held a Class A Contractor's License with the Builder specialty as would have been required for the construction at issue in this case. The Plaintiff argues her damages were proximately caused by the fraud and conspiracy and she was damaged as a direct result of the illegal use of Defendant Drees' contractor's license. Defendant Gierlinger has argued that the Petition for Attachment fails to allege any fraud on his part and that the conspiracy allegation is merely conclusory.

Presently at issue is the Defendant's motion to strike and the Plaintiff's request for damages. The standard of review for a motion to strike is, "[W]hen the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of evidence in plaintiff's favor and should grant the motion only when 'it is conclusively apparent that plaintiff has proven no cause of action against defendant' or when 'it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it'." *Williams v. Vaughan*, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973).

The Court's analysis and reasoning for its decision is below. The Court denies the Defendant's Motion to Strike, and consistent with the default judgment entered in favor of the Plaintiff in earlier proceedings before this Court, awards damages to the Plaintiff consistent with this opinion.

The Court will evaluate whether or not the Plaintiff has a cause of action by ascertaining whether or not the Plaintiff has proven her damages and whether or not the Defendant was the proximate cause of those damages.

First, it is clear that A Home Come True, Inc., did not have a proper license to perform the construction at issue in the Plaintiff's claims. The type of license that A Home Come True, Inc., had allowed new construction only for decks, patios, driveways, and utility buildings. The license here did not provide for the new construction that needed to be done for the Plaintiff in this case.

A plaintiff is only required to establish damages with reasonable certainty. *Nichols Constr. Corp. v. Virginia Mach. Tool Co.*, 276 Va. 81, 661 S.E.2d 467, 472 (2008). Once the plaintiff submits evidence of regarding damages, the defendant then has the burden of proffering competent evidence to rebut the plaintiff's evidence. *Nichols Constr. Corp.*, 276 Va. at 91, 661 S.E.2d at 473. Additionally, a court may rely on evidence submitted by the

plaintiff and need not speculate if the defendant fails to rebut the evidence regarding damages. This is pertinent in this case. The testimony of Ron Wagner, an expert for the Plaintiff, was not challenged by the Defendant through alternative evidence or their own expert witness. Mr. Wagner was only challenged on cross-examination.

There is no separate rule with respect to determining damages for fraud cases. *Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 835 27 S.E.2d 198, 203 (1943). All that is needed is that damages be proved to a reasonable certainty. Ron Wagner testified as the Plaintiff's expert in this case. His testimony was unrebutted by the Defendant. Mr. Wagner testified to many important points. Mr. Wagner testified that the total cost of repairs which had not already been made totaled $101,713. Ms. Brin, the Plaintiff, claimed she suffered damages in the amount of $168,260. Mr. Wagner's thorough analysis subtracted $19,463.50 from the Plaintiff's damage total for unnecessary and excessive work charges. This was an estimate. Mr. Wagner did use the word guess when testifying before this Court. However, Mr. Wagner made it clear his guess was an educated one based on review of the contract at issue in this case, reviewing the property, and his experience as a licensed contractor. Mr. Wagner's testimony was not rebutted with any evidence by the Defendant. The Court finds that the Plaintiff has proved her damages to a reasonable certainty based on the testimony and evidence presented at trial and specifically based on the testimony and educated opinion of her expert, Mr. Wagner.

Next, the Court must determine if Defendant Gierlinger was the proximate cause of the Plaintiff's damages. The Defendant has argued that the Petition for Attachment does not adequately allege fraud or conspiracy. The Court disagrees. After reviewing the Petition for Attachment the Court finds that the Petition for Attachment adequately asserts claims both for fraud and civil conspiracy. In a conspiracy, conspirators are jointly and severally liable for all damage resulting from the conspiracy. *Worrie v. Boze*, 198 Va. 533, 540, 95 S.E.2d 192, 198 (1957). Thus, the Plaintiff argues that Defendant Gierlinger is jointly and severally liable for the damages caused by the conspiracy. Despite the Defendant's attempts at trial, he has failed to prove that there was not an underlying tort to support a claim for civil conspiracy. The Court has already found the fraud claim was sufficiently pleaded in the Petition for Attachment, and, as a result of the default judgment, this Court holds that fraud is the underlying claim for civil conspiracy and has been adequately proven by the Plaintiff.

The legal standard for proximate cause in Virginia is "[T]he proximate cause of an event is that act or omission, in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and

without which that event could not have occurred." *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 369, 585 S.E.2d 578, 582 (2003). Plaintiff argues the Petition for Attachment makes the proper allegations to show proximate cause. The Petition for Attachment states that Gierlinger worked with Defendant Drees at the Ritz Carlton, Gierlinger learned that Drees had a contractor's license, and that Gierlinger conspired with Defendants Palmer and Drees to illegally use Drees' contractor license. The Court is also persuaded by Plaintiff's arguments that the Defendant's application of the Intra-corporate Immunity Doctrine is misplaced in this case. The doctrine does not apply because there are more than two independent actors and many actors including Drees, Palmer, and Gierlinger conspired to negotiate an illegal purchase of Drees' contractor license to be used fraudulently. Defendant Gierlinger aided this fraud, and his aid was a proximate cause of the damages suffered by the Plaintiff.

The Defendant did not rebut Mr. Wagner's expert testimony, as previously pointed out in this Court's opinion. The Defendant has used *Saks Fifth Ave., Inc. v. James, Ltd.*, 272 Va. 177, 630 S.E.2d 304 (2006), to support his argument that the plaintiff must establish proximate causation. However, the Plaintiff argues, and the Court agrees, that *Saks* is distinguishable from the present case. First, *Saks* was a case involving an employee who terminated his employment with the Plaintiff to work for Saks Fifth Avenue and the Court was addressing the issue of the loss of prospective profits. The Court in *Saks* found the expert testimony to be speculative because the expert failed to connect the lost profits to the defendant's actions.

However, the damages in this case are not speculative. The Plaintiff's expert reviewed the original contract between the parties, viewed the property, and relied on his own independent, professional expertise to arrive at a conclusion. Mr. Wagner found that some work needed to be redone because it was either incomplete or in violation of building codes. Mr. Wagner's testimony is the only evidence before this Court with respect to damages. The Plaintiff has proven that, but for Defendant Gierlinger' fraudulently obtaining Defendant Drees' contractor's license, the Plaintiff, Ms. Brin, would not have suffered any damages.

Now that the Court has determined the Plaintiff has sufficiently pleaded her fraud and civil conspiracy claims and has also shown that Defendant Gierlinger's actions were the proximate cause of her damages, the Court must determine the amount of damages suffered by the Plaintiff that she can be compensated for.

The Defendant asserts that the economic loss rule prevents the Plaintiff from recovering damages in this case. The Defendant cites *Filak v. George*, 267 Va. 612, 594 S.E.2d 610 (2004), where the Virginia Supreme Court, in a

constructive fraud case, decided the plaintiff was not entitled to damages and the losses suffered by the plaintiff were purely economic. The Defendant argues *Filak* is indistinguishable from the present case because the plaintiff could recover the same damages in both contract and tort.

The Plaintiff argues the economic loss rule does not bar the Plaintiff from recovering damages in this case. Plaintiff cites *Ward v. Ernst & Young*, 246 Va. 317, 325, n. 2, 435 S.E.2d 628 (1993), which stated that the law of contracts does not provide the only remedy for the recovery of damages when there is a tort claim such as fraud. The Plaintiff argues the Defendant misapplies *Filak* and the economic loss rule because the Defendant pleaded a fraud claim against the Defendant and the Defendant has been found liable for fraud.

The Court agrees with the Plaintiff. The Plaintiff has sufficiently pleaded a claim for actual fraud. In *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91 (1985), the Virginia Supreme Court said a plaintiff had a claim for actual fraud when the plaintiff alleged the promises made in that case were known to be false and fraudulent when made, that they were made with the intent to induce the Plaintiff to enter into the agreement, and the Plaintiff relied and acted upon those promises to their detriment. Additionally, in *Barnette v. Brook Road, Inc.*, 429 F. Supp. 2d 741, 750 (E.D. Va. 2006), the U.S. District Court for the Eastern District of Virginia stated, "Thus, a statement, known to be false when uttered, that is made with the intent to induce someone to enter into a contract, can support a claim of fraud that is independent of a breach of contract." The Plaintiff was fraudulently induced to enter into the agreement in this case when she was told that the parties had the proper Class A Contractor's license to build her home.

The Plaintiff in this case has sufficiently pleaded in her Petition for Attachment and in her written closing argument a claim for actual fraud. The Plaintiff has pleaded that the Defendants in this case made statements that A Home Come True, Inc., had a Class A Contractor's License with the Builder subspecialty. The Defendants knew this was not true at the time. The Plaintiff relied on the statements by the Defendants that they had such a license. The Plaintiff's reliance caused her damages in work that was incomplete, in violation of building codes, and needed to be redone. Defendant Gierlinger was a member of this conspiracy and the underlying tort was fraud. Defendant Gierlinger knew that a misrepresentation about having the proper license had been made yet he worked on the project and did not inform the Plaintiff of the misrepresentation. As a result of the default judgment in this case, the Defendant is liable for both civil conspiracy and fraud.

38

The Court finds that the Plaintiff has adequately pleaded claims for civil conspiracy and actual fraud based on the Plaintiff's Petition for Attachment and written closing argument. Additionally, the Plaintiff has shown that the Defendant's actions were the proximate cause of her damages. Through the expert testimony of Ron Wagner, as well as other testimony presented at trial, the Plaintiff has sufficiently proven damages in the amount of $203,725. $148,797 in damages is a result of work that needed to be redone and $54,929 in damages as the result of delay in allowing Plaintiff's new home to be completed and the resulting interest payment Plaintiff had to pay on construction loans. The Plaintiff was told she would move into her new home on July 30, 2004, but she did not move in until February 2006.

The Court finds that Defendant Gierlinger is jointly and severally liable for $203,725 in damages to the Plaintiff, plus court costs.